IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
APR 15 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

JEFFREY LIGON,

           Plaintiff

v.                                         CIVIL NO. 3:11CV243

EQUIFAX INFORMATION SERVICES, LLC.,

SERVE:    Corporation Service Company, Registered Agent
             11 S. 12th Street
             Richmond, VA 23218,

EXPERIAN INFORMATION SOLUTIONS, INC.

SERVE:    David N. Anthony, Registered Agent
             1001 Haxall Point
             Richmond, VA 23219

TRANS UNION, LLC.

SERVE:    Corporation Service Company, Registered Agent
             11 S. 12th Street
             Richmond, VA 23218

CHASE AUTO FINANCE, CORP., formerly
BANK ONE, NA.,

SERVE:    CT Corporation System, Registered Agent
             4701 Cox Road, Suite 301
             Glen Allen, VA  23060

             Defendants.

## COMPLAINT

COMES NOW the Plaintiff, **JEFFREY LIGON**, by counsel, and for his complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees

brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

## JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p). Venue is proper as Defendant maintains its registered offices within the boundaries for the Eastern District of Virginia, Richmond Division and significant parts of the Plaintiff's claim occurred in Virginia.

## PARTIES

3. The Plaintiff is a natural person and resident of the State of Virginia. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.** ("*Equifax*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

5. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the State of Virginia through its registered agent office.

8. Upon information and belief, *Experian* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of

furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

9. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, **TRANS UNION, LLC.** ("*Trans Union*") is a corporation authorized to do business in the State of Virginia through its registered offices in Richmond, Virginia.

11. Upon information and belief, *Trans Union* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

12. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

13. Upon information and belief, **CHASE AUTO FINANCE, CORP.**, ("*Chase*"), formerly, BANK ONE, NA is a corporation authorized to do business in the State of Virginia through its registered offices in Glen Allen, Virginia as a credit lender and a "furnisher" as governed by the FCRA.

**FACTS**

14. In April of 1998 the Plaintiff entered into a lease program with *Chase* to lease a Jeep Grand Cherokee. The terms of the lease allowed him at the end of the lease to turn the vehicle back in and owe nothing further or use the exact same lease payment to convert the lease to a loan. At the time, the Plaintiff made a significant down payment so that his payments would be $134.00 per month.

15. At the end of the lease term, the Plaintiff notified *Chase* that he wanted to purchase

3

the vehicle at the previously agreed upon price of $134.00 per month. In order to keep the same payments as previously agreed, the auto loan would need to be amortized over a term of 30 years.

16. On or about August 1, 2008 the Plaintiff wrote to *Chase* and offered to pay the loan in full for the sum of $7,500.00.

17. On or about December 5, 2008, *Chase* wrote to the Plaintiff and offered him the opportunity to payoff his Jeep Cherokee in the amount of $7,500.00.

18. On or about December 10, 2008, the Plaintiff forwarded certified funds in the amount of $7,500.00 to *Chase* to payoff his vehicle.

19. On or about December 26, 2008 *Chase* forwarded to the Plaintiff the original Certificate of Title for his 1996 Jeep Cherokee, marked "Paid".

20. In April 2009 the Plaintiff applied for a credit line at SunTrust and was subsequently denied after a review of his Equifax credit report.

21. Thereafter Plaintiff obtained a copy of his consumer credit report with *Equifax, Experian and Trans Union* and learned that each was reporting the *Chase* account derogatorily as payment after charge off or paid for less than full balance in his credit reports. *(Respectively the Chase Reporting)*

22. The *Chase* Reporting was inaccurate. The Plaintiff paid this loan in full, never missed a payment nor was the account at any time in default.

23. Plaintiff has disputed the *Chase* account with *Equifax* and/or other Consumer Reporting Agencies multiple times since April 2009.

24. On or about February 23, 2010, *Equifax's* Results of Reinvestigation mailed to the Plaintiff advised that the *Chase* account had been verified by the creditor as paid and closed, however the account also included a notation that the account was "Paid for less than Full Balance;

Auto".

25. Plaintiff disputed the *Chase* account with *Experian* multiple times since April 2009.

26. On or about May 15, 2009, *Experian's* Correction Summary mailed to the Plaintiff advised that a "Paid in Settlement" account remains on your personal credit report for seven years from the date of the initial missed payment that led to the delinquency or the date paid in settlement.

27. On or about July 16, 2009 the Plaintiff forwarded another written dispute to *Experian* and advised that he had never defaulted on the *Chase* loan at any time or missed any payments and demanded a reinvestigation of the account.

28. On or about July 24, 2009 *Experian* forwarded its response to the Plaintiff's dispute and advised that it had already investigated and the creditor had verified its accuracy. The erroneous derogatory reporting of the *Chase* account would remain on his credit report.

29. Plaintiff disputed the *Chase* account with *Trans Union* multiple times since April 2009.

30. On or about May 12, 2009, *Trans Union's* Investigation Results mailed to the Plaintiff advised that the *Chase* account was reporting as "Payment after charge off/collection".

31. On or about July 16, 2009 the Plaintiff forwarded another written dispute to *Trans Union* and advised that he had never defaulted on the *Chase* loan at any time or missed any payments and demanded a reinvestigation of this account.

32. On or about July 28, 2009 *Trans Union* forwarded its response to the Plaintiff's dispute and advised that new information was being reported, however, the pay status on the account was still reflecting derogatorily as "payment after charge off/collection". The erroneous derogatory reporting of the *Chase* account remained on his credit report.

33. *Equifax, Experian and Trans Union* each received, but ignored the Plaintiff's

disputes and did refuse to delete or correct the inaccurate information regarding the derogatory account from the Plaintiff's credit file.

34. ***Equifax, Experian and Trans Union*** each had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reporting of the derogatory account.

35. After receiving Plaintiff's notice of the inaccuracy and since April 2009, ***Equifax, Experian and Trans Union*** prepared and published to third parties multiple inaccurate consumer reports about Plaintiff that contained the inaccurate derogatory ***Chase*** account.

36. ***Equifax, Experian and Trans Union*** received Plaintiff's numerous disputes, but in each case wholly and entirely failed to conduct the reinvestigations required by law. Instead, ***Equifax, Experian and Trans Union*** merely "parroted" the information dictated to it by ***Chase***.

37. Upon information and belief, Plaintiff alleges that on one or more occasions ***Equifax, Experian and Trans Union*** forwarded Plaintiff's disputes to ***Chase***. Upon information and belief, ***Chase*** was provided notice of Plaintiff's disputes and despite this notice, failed and refused to investigate and correct its inaccurate reporting.

### COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681e(b)
### (EQUIFAX, EXPERIAN and TRANS UNION)

38. The Plaintiff realleges and incorporates paragraphs 1 through 37 above as if fully set out herein.

39. ***Equifax, Experian*** and ***Trans Union*** each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintained concerning the Plaintiff.

40. As a result of the conduct, actions and inactions of ***Equifax, Experian*** and ***Trans***

6

*Union* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

41. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

42. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(1)
### (EQUIFAX, EXPERIAN and TRANS UNION)

43. Plaintiff realleges and incorporates paragraphs 1 through 42 above as if fully set out herein.

44. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit file.

45. As a result of the conduct, actions and inactions of *Equifax, Experian* and *Trans Union* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

46. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful,

rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

47. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(2)
### (EQUIFAX, EXPERIAN and TRANS UNION)

48. Plaintiff realleges and incorporates paragraphs 1 through 47 above as if fully set out herein.

49. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide lawful notification of the Plaintiff's dispute to *Chase* and by failing to include all relevant information regarding the Plaintiff's disputes.

50. As a result of the conduct, actions and inactions of Defendants, *Equifax, Experian* and *Trans Union,* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

51. *Equifax, Experian* and *Trans Union*'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

52. The Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(4)
### (EQUIFAX, EXPERIAN and TRANS UNION)

53. Plaintiff realleges and incorporates paragraphs 1 through 52 above as if fully set out herein.

54. *Equifax, Experian* and *Trans Union* each violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

55. As a result of the conduct, actions and inactions of *Equifax, Experian* and *Trans Union*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

56. *Equifax, Experian* and *Trans Union's* conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax, Experian* and *Trans Union* were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

57. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Equifax, Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)(5)(A)
### (EQUIFAX, EXPERIAN and TRANS UNION)

58. Plaintiff realleges and incorporates paragraphs 1 through 57 above as if fully set out

herein.

59. ***Equifax, Experian*** and ***Trans Union*** each violated 15 U.S.C. §1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

60. As a result of the conduct, actions and inactions of ***Equifax, Experian*** and ***Trans Union***, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

61. ***Equifax, Experian*** and ***Trans Union***'s conduct, actions and inactions were willful, rendering each Defendant individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, ***Equifax, Experian*** and ***Trans Union*** were negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

62. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from ***Equifax, Experian*** and ***Trans Union*** in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681s-2(b) (1)(A)**
**(CHASE)**

63. Plaintiff realleges and incorporates paragraphs 1 through 62 above as if fully set out herein.

64. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, ***Chase*** violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes of the ***Chase*** reportings.

10

65. As a result of this conduct, action and inaction of *Chase*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

66. *Chase's* conduct, actions and inactions were willful, rendering *Chase* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Chase* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

67. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Chase* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(B)
### (CHASE)

68. Plaintiff realleges and incorporates paragraphs 1 through 67 above as if fully set out herein.

69. On one or more occasions within the two years prior to the filing of this suite, by example only and without limitation, *Chase* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

70. As a result of this conduct, actions and inactions of *Chase* the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

71. *Chase's* conduct, actions and inactions were willful, rendering *Chase* liable for

11

punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Chase* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

72. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys fees from *Chase* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (CHASE)

73. Plaintiff realleges and incorporates paragraphs 1 through 72 above as if fully set out herein.

74. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, *Chase* violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b(1)(C) and (D) by publishing the *Chase* account within Plaintiff's credit file with Equifax, Experian and Trans Union without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

75. As a result of this conduct, actions and inactions of *Chase*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

76. *Chase's* conduct, actions and inactions were willful, rendering *Chase* liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Chase* was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

77. The Plaintiff is entitled to recover actual damages, statutory damages, costs and

attorneys fees from *Chase* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for actual, statutory and punitive damages against the Defendants, for attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

JEFFREY LIGON,

By _/s/ Susan M Rotkis_
Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: lenbennett@clalegal.com

SUSAN M. ROTKIS, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
(Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*