**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| JEFFREY LIGON, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 3:11-cv-243-HEH |
| EQUIFAX INFORMATION SERVICES, LLC, et al, | * | |
| | * | |
| Defendants. | * | |
| * * * * * * | * * * * * | * |

## ANSWER AND DEFENSES

Comes now Defendant JPMorgan Chase, N.A. ("Chase"), incorrectly named in the Complaint as Chase Auto Finance Corp., by undersigned counsel, and in response to the Complaint filed by Plaintiff Jeffrey Ligon ("Plaintiff") files its answers and defenses, and states as follows:

## PRELIMINARY STATEMENT

1.     The allegations in Paragraph 1 state legal conclusions to which no response is required.  To the extent a response is required, the allegations of Paragraph 1 are denied.

## JURISDICTION

2.     The allegations in Paragraph 2 state legal conclusions to which no response is required. Moreover, Paragraph 2 is ambiguous as it does not specify to which Defendant it is referring.   To the extent a response is required, the allegations of Paragraph 2 are denied, except that Chase admits that venue and jurisdiction are proper in this Court.

## **PARTIES**

3.      Chase is without sufficient information to admit or deny the allegations in Paragraph 3 of the Complaint and therefore denies them.

4.      Chase is without sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint and therefore denies them.

5.      Chase is without sufficient information to admit or deny the allegations in Paragraph 5 of the Complaint and therefore denies them.

6.      Chase is without sufficient information to admit or deny the allegations in Paragraph 6 of the Complaint and therefore denies them.

7.      Chase is without sufficient information to admit or deny the allegations in Paragraph 7 of the Complaint and therefore denies them.

8.      Chase is without sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint and therefore denies them.

9.      Chase is without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint and therefore denies them.

10.      Chase is without sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint and therefore denies them.

11.      Chase is without sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint and therefore denies them.

12.      Chase is without sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint and therefore denies them.

13.      Chase admits the allegations in Paragraph 13 on the Complaint.

## FACTS

14.     Chase admits that Plaintiff entered into a contract with Chase in 1998 to finance a Jeep vehicle. Chase otherwise denies the allegations in Paragraph 14 of the Complaint.

15.     Chase is without sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint and therefore denies them.

16.     Chase denies the allegations in Paragraph 16 of the Complaint.

17.     Chase admits that on December 9, 2008, Chase wrote to the Plaintiff to offer to the Plaintiff an opportunity to resolve his account for $7,500. Chase otherwise denies the allegations in Paragraph 17 of the Complaint.

18.     Chase admits that Plaintiff forwarded certified funds in the amount of $7,500 to Chase. Chase otherwise denies the allegations in Paragraph 18 of the Complaint.

19.     Chase admits the allegations contained in Paragraph 19 of the Complaint.

20.     Chase is without sufficient information to admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies them.

21.     Chase is without sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies them.

22.     Chase denies the allegations in Paragraph 22 of the Complaint.

23.     Chase is without sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint and therefore denies them.

24.     Chase is without sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint and therefore denies them.

25.     Chase is without sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint and therefore denies them.

26.     Chase is without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint and therefore denies them.

27.     Chase is without sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint and therefore denies them.

28.      Chase is without sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint and therefore denies them.

29.     Chase is without sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint and therefore denies them.

30.     Chase is without sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint and therefore denies them.

31.     Chase is without sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint and therefore denies them.

32.     Chase is without sufficient information to admit or deny the allegations in Paragraph 32 of the Complaint and therefore denies them.

33.     Chase is without sufficient information to admit or deny the allegations in Paragraph 33 of the Complaint and therefore denies them.

34.     Chase is without sufficient information to admit or deny the allegations in Paragraph 34 of the Complaint and therefore denies them.

35.     Chase is without sufficient information to admit or deny the allegations in Paragraph 35 of the Complaint and therefore denies them.

36.     Chase is without sufficient information to admit or deny the allegations in Paragraph 36 of the Complaint and therefore denies them.

37.     Chase denies the allegations contained in Paragraph 37 of the Complaint.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C §1681e(b)
### (EQUIFAX, EXPERIAN and TRANS UNION)

38.     Paragraph 38 incorporates previous paragraphs and no averment is required.  To the extent an averment is required, Chase incorporates herein by reference its answers to the preceding paragraphs of the Complaint, 1 through 37.

39.      Chase is without sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint and therefore denies them.

40.     Chase is without sufficient information to admit or deny the allegations in Paragraph 40 of the Complaint and therefore denies them.

41.     Chase is without sufficient information to admit or deny the allegations in Paragraph 41 of the Complaint and therefore denies them.

42.     Chase is without sufficient information to admit or deny the allegations in Paragraph 42 of the Complaint and therefore denies them.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i (a)(1)
### (EQUIFAX, EXPERIAN and TRANS UNION)

43.     Paragraph 43 incorporates previous paragraphs and no averment is required.  To the extent an averment is required, Chase incorporates herein by reference its answers to the preceding paragraphs of the Complaint, 1 through 42.

44.     Chase is without sufficient information to admit or deny the allegations in Paragraph 44 of the Complaint and therefore denies them.

45.     Chase is without sufficient information to admit or deny the allegations in Paragraph 45 of the Complaint and therefore denies them.

46.     Chase is without sufficient information to admit or deny the allegations in Paragraph 46 of the Complaint and therefore denies them.

47.     Chase is without sufficient information to admit or deny the allegations in Paragraph 47 of the Complaint and therefore denies them.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. §1681(a)(2)**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

48.     Paragraph 48 incorporates previous paragraphs and no averment is required.  To the extent an averment is required, Chase incorporates herein by reference its answers to the preceding paragraphs of the Complaint, 1 through 47.

49.     Chase is without sufficient information to admit or deny the allegations in Paragraph 49 of the Complaint and therefore denies them.

50.     Chase is without sufficient information to admit or deny the allegations in Paragraph 50 of the Complaint and therefore denies them.

51.     Chase is without sufficient information to admit or deny the allegations in Paragraph 51 of the Complaint and therefore denies them.

52.     Chase is without sufficient information to admit or deny the allegations in Paragraph 52 of the Complaint and therefore denies them.

## COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(4)
## (EQUIFAX, EXPERIAN and TRANS UNION)

53.     Paragraph 53 incorporates previous paragraphs and no averment is required.  To the extent an averment is required, Chase incorporates herein by reference its answers to the preceding paragraphs of the Complaint, 1 through 52.

54.     Chase is without sufficient information to admit or deny the allegations in Paragraph 54 of the Complaint and therefore denies them.

55.     Chase is without sufficient information to admit or deny the allegations in Paragraph 55 of the Complaint and therefore denies them.

56.     Chase is without sufficient information to admit or deny the allegations in Paragraph 56 of the Complaint and therefore denies them.

57.     Chase is without sufficient information to admit or deny the allegations in Paragraph 57 of the Complaint and therefore denies them.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681i(a)(5)(A)
## (EQUIFAX, EXPERIAN and TRANS UNION)

58.     Paragraph 58 incorporates previous paragraphs and no averment is required.  To the extent an averment is required, Chase incorporates herein by reference its answers to the preceding paragraphs of the Complaint, 1 through 57.

59.     Chase is without sufficient information to admit or deny the allegations in Paragraph 59 of the Complaint and therefore denies them.

60.     Chase is without sufficient information to admit or deny the allegations in Paragraph 60 of the Complaint and therefore denies them.

61.     Chase is without sufficient information to admit or deny the allegations in Paragraph 61 of the Complaint and therefore denies them.

62.     Chase is without sufficient information to admit or deny the allegations in Paragraph 62 of the Complaint and therefore denies them.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(A)
## (CHASE)

63.     Paragraph 63 incorporates previous paragraphs and no averment is required.  To the extent an averment is required, Chase incorporates herein by reference its answers to the preceding paragraphs of the Complaint, 1 through 62.

64.     Chase denies the allegations contained in Paragraph 64 of the Complaint.

65.     Chase denies the allegations contained in Paragraph 65 of the Complaint.

66.     Chase denies the allegations contained in Paragraph 66 of the Complaint.

67.     Chase denies the allegations contained in Paragraph 67 of the Complaint.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681s-2(b) (1)(B)
## (CHASE)

68.     Paragraph 68 incorporates previous paragraphs and no averment is required.  To the extent an averment is required, Chase incorporates herein by reference its answers to the preceding paragraphs of the Complaint, 1 through 67.

69.     Chase denies the allegations contained in Paragraph 69 of the Complaint.

70.     Chase denies the allegations contained in Paragraph 70 of the Complaint.

71.     Chase denies the allegations contained in Paragraph 71 of the Complaint.

72.     Chase denies the allegations contained in Paragraph 72 of the Complaint.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681s-2(b) (1)(C) and (D)
### (CHASE)

73.     Paragraph 73 incorporates previous paragraphs and no averment is required.  To the extent an averment is required, Chase incorporates herein by reference its answers to the preceding paragraphs of the Complaint, 1 through 72.

74.     Chase denies the allegations contained in Paragraph 74 of the Complaint.

75.     Chase denies the allegations contained in Paragraph 75 of the Complaint.

76.     Chase denies the allegations contained in Paragraph 76 of the Complaint.

77.     Chase denies the allegations contained in Paragraph 77 of the Complaint.

To the extent there are allegations contained within the WHEREFORE clause following Paragraph 77, Chase denies these allegations.

## DEFENSES

Defendant JPMorgan Chase, N.A. ("Chase"), incorrectly named in the Complaint as Chase Auto Finance Corp., asserts the following affirmative defenses to the claims and averments contained in the Complaint:

1.     Plaintiff's Complaint fails to state a cause of action against Chase upon which relief may be granted.

2.     Plaintiff has incorrectly named Chase Auto Finance Corp. as a Defendant. JPMorgan Chase, N.A. is the proper Defendant.

3.     At all times, Chase has complied with the Fair Credit Reporting Act, and is entitled to all defenses stated in the Fair Credit Reporting Act.

4.     Plaintiff's Complaint and any damages allegedly sustained are barred by the Statute of Limitations.

5.      Plaintiff's Complaint is barred by the defense of estoppel.

6.      Plaintiff's Complaint is barred by the defense of laches.

7.      Plaintiff's Complaint is barred by the doctrine of waiver.

8.      Plaintiff's Complaint is barred by the doctrine of release.

9.      Plaintiff's Complaint is barred, in whole or in part, by failure to sustain any damages and/or mitigate damages, if any.

10.     Plaintiff's Complaint is barred by fraud and misrepresentation.

11.     Plaintiff's Complaint is barred by accord and satisfaction.

12.     Chase maintain acted reasonably in all matters relating to Plaintiff's credit reports.

13.     Plaintiff's damages, if any, were caused by Plaintiff or third parties.

14.     Plaintiff's claim for punitive damages is barred or limited by applicable law.

15.     All other allegations or prayers for relief contained in Plaintiff's Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

16.     Chase reserves the right to assert additional defenses as more information is learned during the course of discovery and by the evidence in this case.

WHEREFORE, Defendant JPMorgan Chase, N.A., incorrectly named in the Complaint as Chase Auto Finance, Corp., denies any and all liability to Plaintiff and requests dismissal of the Complaint with prejudice, an award of all appropriate costs and expenses, attorney's fees pursuant to the Fair Credit Reporting Act, and any other relief that this Court deems just and proper.

Respectfully submitted,
JPMorgan Chase, N.A.
By Counsel


BY COUNSEL:


_____/s/_____
Sung B. ("Ben") Yhim, VSB No. 66779
MCGUIREWOODS LLP
7 Saint Paul Street
Suite 1000
Baltimore, Maryland 21202
Telephone: (410) 659-4400
Facsimile: (410) 659-4599
Email: syhim@mcguirewoods.com

Kenneth W. Abrams, VSB No. 78216
MCGUIREWOODS LLP
One James Center
901 Easy Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-4771
Facsimile: (757) 640-3950
Email: kwabrams@mcguirewoods.com

*Counsel for Defendant*
*JPMorgan Chase, N.A.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 2nd day of June 2011, I electronically filed a copy of

Defendant JPMorgan Chase, N.A.'s Answer and Defenses with the Clerk of the Court

and served the foregoing via electronic filing via the CM/ECF System:


Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
Consumer Litigation Assoc. PC
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
 (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@cox.net
Email: srotkis@clalegal.com

Dale Wood Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, VA 23803-3212
 (804) 861-6000
Facsimile: (804) 861-3368
Email: dale@pittmanlawoffice.com

*Counsel for Plaintiff Jeffrey Ligon*


David Neal Anthony, Esq.
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218-1122
(804)-697-5410
Facsimile: (804)-698-5118
Email: david.anthony@troutmansanders.com

*Counsel for Defendant Experian Information Solutions,
Inc.*

Grant Edward Kronenberg , Esq.
Morris & Morris PC
700 East Main Street
Suite 1100
PO Box 30
Richmond, VA 23218
(804)-344-6334
Facsimile: (804)-344-8359
Email: gkronenberg@morrismorris.com

*Counsel for Defendant Trans Union, LLC*

John Willard Montgomery, Jr., Esq.
Montgomery & Simpson, LLLP
2116 Dabney Rd
Suite A-1
Richmond, VA 23230
(804) 355-8744
Email:  jmontgomery@jwm-law.com

*Counsel for Defendant Equifax Consumer Services, LLC*


_____/s/_____
Sung B. ("Ben") Yhim

\31379758

13